**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MARCUS MASON,                                            )
on behalf of plaintiff and a class,                      )
                                                         )
                          Plaintiff,                     )
                                                         )
            vs.                                          )
                                                         )
SPECIALIZED LOAN SERVICING LLC,                          )
                                                         )
                          Defendant.                     )

## COMPLAINT  – CLASS ACTION

## INTRODUCTION

1.      Plaintiff Marcus Mason brings this action to secure redress from unlawful collection practices engaged in by defendant Specialized Loan Servicing LLC.

2.      Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

3.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

5.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

6.     The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

7.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

8.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

9.     Venue and personal jurisdiction in this District are proper because:

a.     Defendant's collection communications were received by plaintiff within this District;

b.     Defendant does or transacts business within this District.

## PARTIES

10.     Plaintiff Marcus Mason is an individual who resides in the Northern District of Illinois.

11.     Defendant Specialized Loan Servicing LLC is a limited liability company organized under Delaware law with principal offices at 8742 Lucent Blvd., Suite 300, Highlands Ranch, CO 80129.  It does business in Illinois.  Its registered agent and office in Illinois is Capitol Corporate Services Inc., 1315 West Lawrence Ave., Springfield, IL  62704.

12.     Specialized Loan Servicing LLC holds itself out as, and obtains ratings as, a "Special Servicer," meaning one that services non-performing mortgage loans as opposed to performing loans.

13.     Specialized Loan Servicing LLC states that it has a servicing portfolio of more than 274,000 loans, totaling more than $29.6 billion in unpaid balances, and that it "offers complete transfer-to-recovery residential servicing for mortgage lenders and investors, as well as public and private trusts." (https://www.sls.net/Investors/Special-Servicing/) On information and

belief, all of its servicing is of loans owned by others.

14.     Specialized Loan Servicing LLC is engaged in the business of using the mails and telephone to collect consumer debts owed to others.

15.     Specialized Loan Servicing LLC does not own plaintiff's loan, but is instead servicing it on behalf of another entity, and is a debt collector as defined by the FDCPA.

## FACTS

16.     Defendant has been attempting to collect from plaintiff an alleged residential second mortgage loan debt incurred for personal, family or household purposes and not business purposes.

17.     After plaintiff obtained the loan, he filed a Chapter 7 Bankruptcy in 2010.  The filing of the Chapter 7 was a default under the loan.  At the time of the Chapter 7, the loan was serviced by GMAC.

18.     After obtaining a discharge, plaintiff continued making payments on the mortgage.

19.     Specialized Loan Servicing LLC obtained servicing of the loan in 2016.

20.     Specialized Loan Servicing LLC increased the amount of the monthly payments.

21.     On or about May 4, 2017, defendant sent plaintiff the letter attached as Exhibit A.

22.     Exhibit A is a form letter.

23.     Exhibit A contains a purported "notice of debt" pursuant to 15 U.S.C. §1692g.

24.     Exhibit A states that "If your loan is not brought current, inspections of your property will be made and you will be assessed fees for that purpose as permitted under state law. Additionally, if your property is found to be vacant and unsecured, the mortgage holder will have it secured and will charge you for the cost of securing.  You may also be liable for reasonable attorney fees and costs incurred in connection with any proceedings on the Note and Trust Deed and such other costs as may be allowed by law.  In addition, you may be liable for any deficiency that may be established as a result of the foreclosure action unless precluded by a bankruptcy

discharge."

25.     While the middle of the second page of Exhibit A states that "if you are a customer who has received a bankruptcy discharge of this debt, please be advised that this letter constitutes neither a demand for payment of the captioned debt nor a notice of personal liability to any recipient hereof who might have received a discharge of such debt in accordance with applicable bankruptcy laws", it also refers to the cost of inspecting and securing the property, and attorney fees and costs "incurred in connection with any proceedings on the Note and Trust Deed and such other costs as may be allowed by law" in such a manner as to imply personal liability for them. The letter does not state whether defendant believes Mr. Mason has received a discharge of the debt.  The letter distinguishes such amounts from "any deficiency that may be established as a result of the foreclosure action," which may be "precluded by a bankruptcy discharge."  The implication is that the other items  referred to are not barred by a bankruptcy discharge.

26.     Because the events necessitating property inspection and securing and the attorney's fees and costs are post-discharge, the unsophisticated consumer may take the letter at face value and not understand that the contractual liability for all such amounts is extinguished by the discharge.

27.     Defendant should know which customers have received bankruptcy discharges, and could send a letter which makes clear at the beginning of the letter the lack of personal liability for the borrower in question for any of the items listed.

## COUNT I  – FDCPA

28.     Plaintiff incorporates paragraphs 1-27.

29.     The sending of Exhibit A violated 15 U.S.C. §1692e, 1692e(2), and 1692e(10), by representing that the recipient is liable for fees and charges under the note and mortgage, post discharge, and not making it clear that plaintiff has no personal liability for the loan.

## CLASS ALLEGATIONS

30.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

31.     The class consists of (a) all individuals (b) who obtained bankruptcy discharges (c) and were then sent by Specialized Loan Servicing (d) a letter that is substantially similar to the letter attached as Exhibit A, (e)  which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

32.     On information and belief, the  class is so numerous that joinder of all members is not practicable.

33.     There are questions of law and fact common to the class members, which common  questions predominate over any questions relating to individual class members.  The predominant common questions are whether defendant's letter implies personal liability that does not exist under the law, and whether such letters violate the FDCPA.

34.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

35.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

36.     A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.     Individual actions are not economically feasible.

      b.     Members of the class are likely to be unaware of their rights;

      c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

      i.     Statutory damages;

      ii.     Attorney's fees, litigation expenses and costs of suit;

     iii.      Such other and further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Corey J. Varma
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\34108\Pleading\Complaint_Pleading.WPD